UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

REGINALD V.,

        Plaintiff,

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

Case No.  1:25-cv-00062

Hon.  Robert J. Jonker
U.S. District Judge

## REPORT AND RECOMMENDATION

### I.  Introduction.

This is a social security appeal filed under 42 U.S.C. § 405(g).  On August 15, 2025, this Court entered an opinion and judgment reversing the Commissioner's decision and remanding the matter for further consideration.  ECF No. 13.

On November 15, 2025, Plaintiff filed a motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), requesting fees in the amount of $8,561.26.  ECF No. 15.  The Commissioner has not filed a response to Plaintiff's request for fees.

Upon review of the pleadings and associated documents, in the opinion of the undersigned, an EAJA award in the amount of $8,561.26 is justified in this matter.

### II.  Analysis.

#### A.  Hourly Rates.

Plaintiff's counsel requests attorney fees at a rate of $244.37 per hour and paralegal fees at a rate of $100.00 per hour.  The undersigned agrees with the Plaintiff's suggested hourly rates.

The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The EAJA's statutory hourly rate "is a ceiling and not a floor." *Caviness v. Comm'r of Soc. Sec.*, 681 F. App'x 453, 455 (6th Cir. 2017). Plaintiff bears the burden of producing appropriate evidence to support the requested increase. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). "Plaintiffs must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984)).

As an initial matter, three conditions must be met for a plaintiff to recover attorney fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances that would warrant a denial of fees. *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014).

In his brief, Plaintiff's counsel sets forth facts and arguments addressing these points. The Commissioner did not respond to these assertions. Accordingly, Plaintiff is entitled to an award of attorney's fees under the EAJA.

In support of his requested attorney fee rate, Plaintiff asserts that the cost-of-living increases from 1996 to 2025 alone raises the $125 per hour rate to $244.37 per

hour.  ECF No. 15-1, PageID.1067-68.  Plaintiff justifies the cost-of-living increase with data from the Department of Labor's Consumer Price Index <u>and</u> an affidavit stating that counsel has over twenty years practicing almost exclusively Social Security Disability law.  *Id.*

In the opinion of the undersigned, the evidence submitted by counsel is sufficient to justify a payment at an inflation-adjusted rate of $244.37 per hour.  *See Johnson v. Comm'r of Soc. Sec.*, No. 1:14-CV-347, 2015 U.S. Dist. LEXIS 139119, at *4-7 (W.D. Mich. Sept. 21, 2015) (approving an inflation-adjusted rate when counsel submitted more than just the CPI to justify a cost-of-living increase); *see also Mogdis v. Comm'r of Soc. Sec.*, No. 1:18-CV-82, 2019 WL 3765587, at *3 (W.D. Mich. Aug. 9, 2019) (noting that "[t]he combination of evidence provided by Plaintiff and this Court's recognition that successful Social Security appeals are rare enough that if Plaintiff's counsel were not appropriately compensated, there would be a shortage of qualified attorneys to pursue such appeals, justifies an hourly rate of $270").

Plaintiff's counsel also seeks paralegal fees at a rate of $100 per hour.   In the opinion of the undersigned, this rate is reasonable.  *See Keller v. Comm'r of Soc. Sec.*, No. CV 18-10049, 2019 WL 3887967, at *2 (E.D. Mich. July 31, 2019), report and recommendation adopted, No. 18-10049, 2019 WL 3859883 (E.D. Mich. Aug. 16, 2019) (legal assistant hourly rate of $100.00 was reasonable); *Robinson v. Comm'r of Soc. Sec.*, No. 1:17-CV-440, 2019 WL 2107923, at *3 (W.D. Mich. Apr. 26, 2019), report and recommendation adopted, No. 1:17-CV-440, 2019 WL 2103467 (W.D. Mich. May 14, 2019) (paralegal fee of $112.50 was reasonable).

### B.  Hours Claimed

Plaintiff's counsel claims 32.37 attorney hours and 6.51 paralegal hours for work expended in this case.  ECF No. 15-1, PageID.1069.

"Once a court makes a threshold determination that a party is eligible for EAJA fees, it looks to the lodestar amount as a starting point for calculating a reasonable fee award." *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016).  The United States Court of Appeals for the Sixth Circuit has cautioned lower courts against a "rubber stamping" of EAJA fee applications. *Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

Generally, a reasonable expenditure of time for representation of a party seeking judicial review of the Commissioner's final administrative decision denying claims for disability benefits is in the range of fifteen to thirty hours.  *Jeter v. Comm'r of Soc. Sec.*, No. 1:18-CV-465, 2019 WL 1060968, at *2 (W.D. Mich. Feb. 5, 2019), report and recommendation adopted, No. 1:18-CV-465, 2019 WL 1057335 (W.D. Mich. Mar. 6, 2019); *Flamboe v. Comm'r of Soc. Sec.*, No. 1:12-cv-606, 2013 WL 1914546, at *2 (W.D. Mich. Aug. 14, 2014); *Fredericks v. Comm'r of Soc. Sec.*, No. 1:12-cv-1234, 2014 WL 4057794, at *2 (W.D. Mich. Aug. 14, 2014); *Nichols v. Comm'r of Soc. Sec.*, No. 1:09-cv-1091, 2012 WL 1189764, at *2 (W.D. Mich. Mar. 19, 2012) (collecting cases).  "Unlike other types of civil cases in which the amount of discovery alone often creates wide variability in litigation hours, the vast majority of social security appeals conform to a relatively narrow range of hours because they involve a largely settled area of law, require no discovery, and follow a precise briefing schedule[.]" *Flamboe,*

2013 WL 1914546, at * 2 (quoting *Crim v. Comm'r of Soc. Sec.*, No. 1:11-cv-137, 2013 WL 1063476, at *4 (S.D. Ohio Mar. 14, 2013)).  A paralegal's time is compensable under the EAJA.  *Mathis v. Comm'r of Soc. Sec.*, No. 1:13-cv-256, 2014 WL 4187368 (W.D. Mich., Aug. 21, 2014).   However, "[s]ecretarial, clerical and other office overhead costs are not recoverable."  *Flamboe*, 2016 WL 393567 at *2.

Plaintiff's counsel claims a total of 32.37 hours of attorney time and 6.51 hours of paralegal time for this case.  ECF No. 15-1, PageID.1069.  Counsel includes detailed timesheets for both requests.  ECF No. 15-2, PageID.1070-72. The Commissioner has not responded to Plaintiff's requests.

Accordingly, in the opinion of the undersigned, Plaintiff's request for 32.37 hours of attorney time at a rate of $244.37 per hour and 6.51 hours of paralegal time at a rate of $100.00 per hour is reasonable in this case.

### III.  Recommendation

Therefore, the undersigned respectfully recommends that the Court GRANT the motion for fees under the EAJA and award Plaintiff $8,561.26 in representation fees for work completed in this matter.

Dated:   February 24, 2026                        /s/ *Maarten Vermaat*
                                                            MAARTEN VERMAAT
                                                            U.S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**:
Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).